UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | |
| ) | |
| FLEMMINGS CHATMAN, ) | Case No.: 1:19-cr-00388-LCB-GMB-12 |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

This action is before the Court on the Defendant Flemmings Chatman's Motion for the District Court to Review, Consider Objections To, and Set Aside the Magistrate Judge's Order Pending Trial. (Doc. 95). The Defendant also filed a Motion for Leave of Court to Supplement His Previously Filed Motion. (Doc. 111). For the reasons stated below, both motions are due to be denied.

The Defendant was arrested on October 1, 2019, and was charged with Conspiracy to Possess and Distribute Cocaine and Methamphetamine and Using a Communication Facility to Commit a Drug Trafficking Crime. (Doc. 100, p. 1). At his detention hearing on October 4, 2019, United States Magistrate Judge John H. England, III, determined that the Defendant was not eligible for release on bond. (Doc. 110, p. 66). Pursuant to 18 U.S.C. § 3142, the Magistrate Judge determined there was clear and convincing evidence to detain the Defendant based on his alleged

1

participation in distributing narcotics, previous drug related arrests, and prior attempts to elude law enforcement. (Text Order of Detention, Doc. 73).

When determining whether a defendant should be detained pending trial, a judicial officer must consider the factors in 18 U.S.C. § 3142(g), including: the nature of the offense, the weight of the evidence against the person, the history and characteristics of the person, and the danger to the community posed by the defendant. District courts are required to "undertake *de novo* review of the pretrial detention determinations of the magistrates." *United States v. Hurtado*, 779 F.2d 1467, 1481 (11th Cir. 1985). "[T]he district court must undertake an *independent* review of these [detention] cases, enter its own findings in writing, and set forth the reasons supporting its decision, making provisions as set forth in subsection [18 U.S.C. § 3124] (i)(1) through (4)." *Id*. at 1480 (emphasis in original).

In this case, there is a rebuttable presumption that the Defendant should be detained pursuant to 18 U.S.C. § 3124(e)(3)(A)[1]. After conducting a *de novo* review and independently assessing the transcript and both Pretrial Services Reports ("PSR"), the Court finds the 3124(g) factors weigh in favor of detaining the Defendant. During the hearing, DEA Agent Matthew Wells testified that his organization had been monitoring the Defendant and other members of the alleged

---

[1] In the hearing, the Government incorrectly stated there was no presumption of detention in this case. This presumption exists as the Defendant was charged with two offenses under the Controlled Substances Act.

2

cohort for three years. (Doc. 110, p. 4). Agent Wells stated that after the Defendant's arrest, agents found an assault rifle, handgun, 13,000 dollars, two packages of marijuana, and a package believed to be a controlled substance at the Defendant's presumed residence. *Id*. at 11. Agent Wells also proffered more evidence about the Defendant's involvement in the crime including communication between the Defendant and an alleged co-conspirator. *Id*. at 12. United States Probation Officer Crystal Smith testified at the hearing as well. *Id*. at 22. She initially supported releasing the Defendant on bond in her first PSR, *Id*. at 20, but changed her position in part because she received information that there was a pattern of the Defendant eluding law enforcement. *Id*. at 31.

Indeed, the amended PSR provides the Defendant was arrested for attempting to flee law enforcement in December 2015. The report also provides that in July 2014, the Defendant was implicated in an incident in which he allegedly fled a police officer, drove on the wrong side of the road, and ran a stop sign. (Amended PSR, p. 7). Further, the report notes that the Defendant was a passenger in a car that fled police. *Id*. at 8. The PSR also indicates the Defendant was charged with distributing cocaine and promoting prison contraband in August 2009. (Original PSR, p. 5). While the Defendant argues Ms. Smith's initial recommendation should control and he was not arrested for two of these flights, (Doc. 95, p. 5), he has not rebutted the presumption against his detention with respect to the evidence presented during the

hearing and both PSRs. The Defendant also argues that he should have the chance to amend his complaint because the weight of the evidence against him in this case weak. The weight of the evidence against the Defendant is only one factor the Court considers in its finding for detention. The Court also finds the Defendant's past drug related convictions, incidents eluding law enforcement, and nature of this offense weigh in favor of continuing detention.

Accordingly,

IT IS ORDERED that the Defendant's Motion for the District Court to Review, Consider Objections To, and Set Aside the Magistrate Judge's Order Pending Trial (Doc. 95) and Motion for Leave of Court to Supplement His Previously Filed Motion (Doc. 111) are DENIED.

IT IS FURTHER ORDERED the Defendant shall be committed to the custody of the Attorney General for confinement in a suitable corrections facility.

IT IS FURTHER ORDERED the Defendant be afforded reasonable opportunity for private consultation with his counsel.

IT IS FURTHER ORDERED the person in charge of the corrections facility in which the Defendant is detained deliver the Defendant to the United States Marshall for appearances related to this court proceeding.

**DONE** and **ORDERED** this December 11, 2019.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE